JOHN W. CLARK, State Bar No. 036664
ATTORNEY AT LAW
2600 El Camino Real, Suite 410
Palo Alto, CA 94306
Telephone: (650) 354-3605
Facsimile:  (650) 354-3606
Email: john@johnclarklaw.com

ARDELL JOHNSON, State Bar No. 095340
KORDA, JOHNSON & WALL, LLP
66 E. Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone: (408) 494-0700
Facsimile:  (408) 494-0707
Email: arjoh@pacbell.net

*Attorneys for Plaintiff*
MEHRDAD NIKOONAHAD

KEITH E. EGGLETON, State Bar No. 159842
RODNEY G. STRICKLAND, JR., State Bar No. 161934
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email: keggleton@wsgr.com; rstrickland@wsgr.com; aweibell@wsgr.com

*Attorneys for Defendant*
RUDOLPH TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEHRDAD NIKOONAHAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RUDOLPH TECHNOLOGIES, INC. and DOES 1-25, inclusive,<br><br>　　　　Defendants. | CASE NO.:  C 08-2290 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　August 15, 2008<br>Time:　　10:30 AM<br>Dept:　　3<br>Judge:　　Hon. Jeremy Fogel |

JOINT CMC STATEMENT                                                                                                3414141_1.DOC
CASE NO. C 08-2290 JF

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, the parties to this action submit this Joint Case Management Statement in advance of the Initial Case Management Conference scheduled for August 15, 2008. The parties met to discuss the matters set forth below on July 28, 2008.

## BACKGROUND

On March 21, 2008, Plaintiff Mehrdad Nikoonahad ("Nikoonahad"), a resident of the state of California, filed this action in California Superior Court, alleging the following claims against Rudolph Technologies, Inc. ("Rudolph"), a Delaware corporation with its headquarters in the State of New Jersey: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty; and (4) Promissory Fraud. Rudolph removed the action to this Court on May 2, 2008 and filed a motion to dismiss the complaint on May 9, 2008.

The Court held a hearing on Rudolph's motion to dismiss on July 25, 2008. The motion to dismiss is currently under submission.

## JURISDICTION AND SERVICE

**1.      Basis for the Court's Jurisdiction**

Although Nikoonahad's claims arise under state law, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1441 (providing that defendants may remove any civil action, filed in state court, of which the District Courts of the United States have original jurisdiction) and 28 U.S.C. § 1332 (granting the District Courts original jurisdiction in cases involving parties of diverse citizenship). At the time of filing this action, Nikoonahad was and still is a citizen of the State of California and not a citizen of Delaware or New Jersey. At the time of filing this action, Rudolph was and still is a citizen of Delaware and New Jersey, due to its incorporation in Delaware and due to the location of its headquarters and principal place of business in New Jersey. Rudolph is not, and was not at the time of filing this action, a citizen of California. The amount in controversy in this action exceeds the $75,000 statutory minimum for diversity jurisdiction.

**2.     Service**

Rudolph has been served with the complaint. The parties are not aware of any additional parties whose joinder would be necessary or desirable, and do not intend to join any additional parties at this time.

## DESCRIPTION OF THE CASE

**3.     Brief Description of the Events Underlying the Action**

On September 12, 2006, Nikoonahad and Rudolph entered into an Exclusive Patent License and Assignment Agreement ("the Agreement") pursuant to which Rudolph obtained certain rights to use Nikoonahad's intellectual property and consulting services, as well as the option to purchase all ownership rights to Nikoonahad's intellectual property. The Agreement required Rudolph to pay an upfront fee of $100,000 for the eighteen-month license and also required Rudolph to pay certain royalties on the sales of any products that incorporated the licensed technology. On March 12, 2008, the eighteen-month term of the license expired without Rudolph having exercised its option to purchase Nikoonahad's intellectual property or having produced any royalty-bearing products.

**4.     Principal Factual Issues Which the Parties Dispute**

The parties believe that it is premature at this time to identify the principal issues in dispute in light of the pending motion dismiss and the unresolved status of the pleadings. It appears, however, that at least the following issues are currently in dispute:

    a.  Whether Rudolph had any obligation under the Agreement to develop royalty-bearing products

    b.  Whether Rudolph acted in good faith with respect to the Agreement

    c.  Whether Nikoonahad has suffered any damages

    d.  Whether Rudolph intended to perform the promises contained in the agreement; and

    e.  Whether Rudolph's conduct, or that of its attorney/agent, with respect to Nikoonahad's patent application constitutes a breach of fiduciary duty.

**5.     Principal Legal Issues Which the Parties Dispute**

    a.   Whether Nikoonahad has sufficiently pleaded his causes of action

    b.   Whether the contract includes the implied obligations alleged in the complaint; and

    c.   Whether Rudolph owed a fiduciary duty to Nikoonahad with respect to its outside patent counsel's prosecution of Nikoonahad's patent application

**6.     Motions**

Rudolph's motion to dismiss the complaint, which was filed on May 9, 2008 and which came on for hearing before the Court on July 25, 2008, is currently under submission.

If the motion to dismiss is granted and Nikoonahad subsequently files an amended complaint, Rudolph will move to dismiss any amended claims that are inconsistent with the terms of the parties' agreement or otherwise inadequately pleaded. Rudolph further intends to move for summary judgment on any issues that survive the motions to dismiss.

The parties also anticipate that motions will be filed relating to the scope of discovery.

**7.     Amendment of Pleadings**

If the Court dismisses the complaint with leave to amend, as requested by the motion to dismiss currently under submission, Nikoonahad intends to file an amended complaint.

**DISCOVERY**

**8.     Evidence Preservation**

The parties are taking appropriate steps to preserve all information that could be relevant to this action. Nikoonahad has retained all of his relevant documents. Rudolph has informed its employees of the document preservation obligation and taken other measures to preserve relevant documents.

**9.     Status of Disclosures**

The parties will serve initial disclosures on August 8, 2008.

**10.    Status and Plan of Discovery**

Subject to the outcome of the motion to dismiss and the allegations of any amended complaint, the parties anticipate that discovery might be sought on the following topics:  (a) the

parties' contract negotiations; (b) performance of the parties' contractual obligations; and (c) Nikoonahad's alleged damages. The parties believe that it is premature at this time to set a deadline for the completion of discovery in light of the pending motion to dismiss, but the parties agree to work in good faith to complete discovery in a timely manner. The parties agree that fact discovery should proceed before expert discovery. The parties agree to produce electronic documents in PDF format on CD.

The parties anticipate that there will be disputes about the scope of discovery, and the parties intend to wait until these document production issues are settled before scheduling depositions.

The parties do not anticipate the need to exceed the normal one-day of seven hours time limit on depositions.

The parties intend to work in good faith to agree on a stipulated protective order for the protection of confidential and privileged information.

## CLASS ACTIONS

**11.    Class Certification Schedule**

This is not a class action.

## RELATED CASES

**12.    Existence of Related Cases**

The parties are not aware of any related cases.

## RELIEF

**13.    Plaintiffs' Prayer for Relief**

Nikoonahad seeks (a) judgment in his favor in an amount in excess of the jurisdictional limitations of the Court, plus interest at the legal rate; (b) an assessment of punitive damages; (c) costs of suit; and (d) such other and further relief as the Court deems proper.

Rudolph denies Nikoonahad's allegations but currently has no pending claims in this action for which it seeks relief.

**ALTERNATIVE DISPUTE RESOLUTION**

**14.    ADR Status**

Rudolph has filed its Certification re: ADR options, and the parties have filed a Stipulation and Proposed Order to submit to private mediation conducted by the American Arbitration Association.  Nikoonahad's position is that the parties should wait to commence mediation until after discovery has been obtained and the anticipated disputes regarding the scope of discovery are resolved.  Rudolph's position is that the parties should submit to mediation prior to engaging in substantive discovery and as soon as the pending motion to dismiss and any subsequent challenges to amended pleadings are resolved.

**15.    Other Information Regarding ADR Process or Deadline**

The parties agree that ADR is unlikely to be productive prior to the resolution of the pending motion to dismiss.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

**16.    Assignment to Magistrate Judge**

The parties do not consent to the assignment of a Magistrate Judge.

**OTHER ISSUES**

**17.    Other References**

The parties have no other references to propose at this time.

**18.    Narrowing of Issues**

The parties have no proposals relating to the narrowing of issues at this time other than those raised in Rudolph's motion to dismiss.

**19.    Expedited Schedule**

The parties do not request an expedited schedule.

**TRIAL SCHEDULE**

**20.    Trial Date**

The parties agree that it is premature to discuss trial dates for this matter until after the resolution of the pending motion to dismiss and any subsequent challenges to amended pleadings.

JOINT CMC STATEMENT                    -5-                    3414141_1.DOC
CASE NO. C 08-2290 JF

**21.   Length of Trial**

The estimate of trial length may depend on the resolution of the pending motion to dismiss and any subsequent challenges to amended pleadings, and the parties agree they could better address this issue once those motions are resolved.

**NON-PARTY INTERESTED ENTITIES OR PERSONS**

**22.   Disclosure**

**Defendant's Certification**: Rudolph filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16 on May 2, 2008. As required by the relevant standing order for this Court, Rudolph restates the following from that disclosure: Rudolph certifies pursuant to Civil L.R. 3-16 that as of this date, other than the named parties, there is no such interest to report.

**Plaintiff's Certification**: Nikoonahad certifies pursuant to Civil L.R. 3-16 that as of this date, other than the named parties, there is no such interest to report.

Dated: August 8, 2008                           KORDA, JOHNSON & WALL, LLP

                                                By:   /s/ Ardell Johnson
                                                      Ardell Johnson

                                                *Attorneys for Plaintiff*
                                                MEHRDAD NIKOONAHAD


Dated: August 8, 2008                           WILSON SONSINI GOODRICH & ROSATI
                                                  Professional Corporation

                                                By:   /s/ Rodney G. Strickland, Jr.
                                                      Rodney G. Strickland, Jr.

                                                *Attorneys for Defendant*
                                                RUDOLPH TECHNOLOGIES, INC.

Pursuant to General Order 45, the undersigned certifies that concurrence in the filing of the document was obtained from each of the other signatories.

Dated: August 8, 2008                           By:   /s/ Rodney G. Strickland, Jr.
                                                      Rodney G. Strickland, Jr.