1              **E-Filed 8/27/08**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MEHRDAD NIKOONAHAD,

                    Plaintiff,

        v.

RUDOLPH TECHNOLOGIES, INC. and DOES 1-25, inclusive,

                  Defendants.

Case Number C 08-2290 JF (PVT)

ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

[re: docket no. 10]

19    Defendant Rudolph Technologies Inc. ("Rudolph") seeks dismissal of the complaint

20    pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  The Court has considered the briefing submitted

21    by the parties as well as the oral arguments of counsel presented at the hearing on July 25, 2008.

22    For the reasons discussed below, the motion will be granted with leave to amend.

23                                            **I.  BACKGROUND**

24    Plaintiff Mehrdad Nikoonahad ("Nikoonahad") owns several patents relating to

25    semiconductor measurement and wafer inspection.  Rudolph designs and produces equipment

26    utilized by semiconductor device manufacturers.  Rudolph is incorporated under the laws of

27

28    _____
    [1] This disposition is not designated for publication in the official reports.

1  Delaware with headquarters in New Jersey.

2        On September 12, 2006, the parties entered into an exclusive patent licensing and

3  assignment agreement ("the Agreement").  Pursuant to the Agreement, Rudolph agreed to pay

4  Nikoonahad a fee of $100,000 in exchange for the "right and license to develop, test,

5  manufacture, have manufactured for [Rudolph], use, sell, or offer for sale the Licensed Subject

6  Matter . . . for a period of eighteen (18) months."  Agmt. ¶ 2.1.  During the period of the

7  Agreement, Rudolph had "the option to acquire the Licensed Subject Matter (the "First Option")

8  now existing and existing at the time of exercise of the First Option, for a fee of Six Hundred

9  Thousand U.S. Dollars ($600,000)."  Agmt ¶ 3.1.  Additionally, the Agreement provided

10 Rudolph with "an option (the "Second Option") to add any inventions covered by provisional

11 patent application(s) . . . [and applied] anew to each successive invention conceived by

12 [Nikoonahad] during the term of this Agreement."  Agmt. ¶ 4.2.3.  Rudolph could exercise the

13 Second Option at its "sole discretion."  Agmt. ¶ 4.2.5.

14       The Agreement contains provisions for the payment of royalties and license fees in the

15 event the options are exercised.  Agmt. ¶¶ 5.2, 5.3.  Nikoonahad also agreed "to perform up to

16 Five Hundred Twenty (520) hours of consulting services" at a specified rate.  ¶ 4.1.2.  The parties

17 agreed that "if a dispute arises out of or relates to this contract, or the breach thereof, and if the

18 dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle

19 the dispute by mediation . . . before resorting to arbitration, litigation, or some other dispute

20 resolution procedure."  Agmt. ¶ 20.1.  The Agreement specifies that it is to be construed under

21 the laws of New Jersey.  Agmt. ¶ 19.1.  Finally, the Agreement contains a merger clause.  ¶ 17.1.

22       On March 12, 2008, the term of the Agreement expired without Rudolph having

23 developed any royalty-bearing products or exercising either option.  On March 21, 2008,

24 Nikoonahad filed suit in the Santa Clara Superior Court, alleging four causes of action against

25 Rudolph: breach of written contract, breach of the implied covenant of good faith and fair

26 dealing, breach of fiduciary duty, and promissory fraud.  On May 2, 2008, Rudolph removed the

27 action to this Court.

28

Case No. C 08-2290 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

## II.  LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955 (2007) (internal citations omitted).

Under Rule 9(b), claims of fraud are held to a higher pleading standard.  Fed. R. Civ. P. 9(b).  A "party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*  "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Vess v. Ciga-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## III.  DISCUSSION

### A.      Breach of Contract

Nikoonahad alleges that Rudolph breached the agreement by failing to develop royalty-bearing products, failing to make the first and second installment payments in a timely manner, failing to utilize Nikoonahad's consulting services, refusing to participate in mediation, and retaining Nikoonahad's intellectual property after terminating the license.  Complaint at 3–4. Under New Jersey law, "to establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super Ct. App. Div. 2007).  Additionally, a breach of contract claim should be dismissed if a defendant's alleged acts or omissions do not breach any obligation owed to a plaintiff. *See The Paul Revere Life Insurance Co. V. Fink*, No. 07-CV-1648, 2007 WL 3430511,

3

1  at *3 (D.N.J. Nov. 14, 2007).

2  Nikoonahad has failed to allege which portions of the Agreement created the affirmative

3  obligations that Rudolph has allegedly failed to perform.  For example, Nikoonahad has not

4  identified any express provision requiring Rudolph to develop royalty-bearing products or to

5  utilize Nikoonahad's consulting services.  Nikoonahad likewise fails to identify any language in

6  the Agreement requiring that the two installment payments of the Development License Fee be

7  paid within any particular period of time.  Rudolph's duty to participate in mediation to resolve

8  disputes arising out of the Agreement does not mature unless a dispute "[could] not be settled

9  through negotiation."  *See* Agreement ¶ 20.1.  Nikoonahad does not allege that any negotiations

10  failed or even occurred.  Finally, Nikoonahad does not specify what language of the Agreement

11  gives rise to Rudolph's alleged breach with respect to its retention of intellectual property after

12  termination of the license.  Accordingly, the Court will dismiss the claim for breach of contract

13  with leave to amend.

14  **B.    Breach of the implied covenant of good faith and fair dealing.**

15  Nikoonahad claims that Rudolph breached the implied covenant of good faith and fair

16  dealing by failing to develop royalty-bearing products, by refusing to participate in mediation, by

17  retaining control over the subject intellectual property after terminating the Agreement, and its

18  prosecution of a patent application before the U.S. Patent and Trademark Office ("the PTO").

19  Complaint at 4–5. Nikoonahad asserts that the implied covenant required "each party to use

20  his/its *best efforts* to perform the Agreement to accomplish [the Agreement's] purpose for their

21  mutual benefit."  Complaint at 4.

22  Under New Jersey law, the implied covenant mandates that "neither party shall do

23  anything which will have the effect of destroying or injuring the right of the other party to receive

24  the fruits of the contract."  *Emerson Radio Corp. V. Orion Sales, Inc.*, 253 F.3d 159, 170 (3rd

25  Cir. 2001) (quoting *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997)).  New

26  Jersey law recognizes three instances in which a party may assert an independent claim for

27  breach of the implied covenant: "(1) when the contract does not provide a term necessary to

28  fulfill the parties' expectations . . . (2) when bad faith served as a pretext for the exercise of a

4

Case No. C 08-2290 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1  contractual right to terminate . . . [and] (3) when the contract expressly provides a party with

2  discretion regarding its performance." *Seidenberg v. Summit Bank*, 791 A.2d 1068, 1078 (N.J.

3  Super Ct. App. Div. 2002) (citations omitted).  The third instance may manifest itself in at least

4  two ways: (1) "if a party uses its discretion for a reason outside the contemplated range–a reason

5  beyond the risks assumed by the party claiming the breach" or (2) "if the discretion-exercising

6  party . . . unilaterally use[s] that authority in a way that intentionally subjects the other party to a

7  risk beyond the normal business risks that the parties could have contemplated at the time of

8  contract formation." *Id.* (quoting *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121 (N.J. 2001)).  A

9  court should dismiss a plaintiff's claim for breach of the implied covenant if such claim is

10  duplicative of a claim for breach of contract or if the plaintiff cannot show that the opposing

11  party acted with "bad motive." *Cambridge Mgmt. Group, LLC v. Robert A. Kosseff & Assocs,*

12  *P.C.*, No. 05-3402 JAP, 2007 WL 2084895, at *4–5 (D.N.J. July 18, 2007).

13        As presently drafted, the claim for breach of the implied covenant is duplicative of the

14  claim for breach of contract.  The two claims are based upon the same alleged conduct of

15  Rudolph.  Nikoonahad fails to allege how Rudolph exercised its discretion for a reason beyond

16  the risks assumed by both parties or beyond the normal business risks both parties could have

17  contemplated when they signed the Agreement.  Accordingly, the Court will dismiss the claim

18  for breach of the implied covenant with leave to amend.

19  **C.      Breach of fiduciary duty**

20        Nikoonahad claims that Rudolph assumed a fiduciary duty with regard to a provisional

21  patent by assuming power of attorney to prosecute the patent's application before the PTO.

22  Rudolph denies the existence of a fiduciary duty but asserts that even if a fiduciary relationship

23  existed, Nikoonahad has not pled facts sufficient to show that Rudolph breached its alleged

24  fiduciary duties.

25        Under New Jersey law, three elements comprise a claim for breach of fiduciary duty: (1)

26  the defendant "is under a duty to act or give advice for the benefit of [the plaintiff] on matters

27  within the scope of their relationship," (2) the defendant's conduct constitutes a breach of its

28  "duty of loyalty and a duty to exercise reasonable skill and care," and (3) the plaintiff is harmed

5

1    by defendant's breach. *F.G. v. MacDonell*, 696 A.2d 697, 703–04 (N.J. 1997).

2        Nikoonahad has failed to plead facts sufficient to establish the existence of a fiduciary

3    relationship, a breach of a fiduciary duty, or resulting harm. It is unclear from the pleadings what

4    harm, if any, resulted from the PTO's non-final rejection with respect to the subject patent

5    application. Accordingly, the Court will dismiss the third claim with leave to amend.

6    **D.      Promissory fraud.**

7        Nikoonahad claims that Rudolph never intended to perform its contractual obligation to

8    develop royalty-bearing products. Specifically, Nikoonahad claims that Rudolph sought to

9    develop products without having to pay royalties and to prevent Nikoonahad from collaborating

10   with potential competitors. Complaint at 6–7.

11       A claim of "promissory fraud is not exempted from the strictures of Rule 9(b), and a

12   plaintiff is required to plead 'facts from which the Court can infer that the allegedly fraudulent

13   statements were actually false when made.'" *Hsu v. OZ Optics*, 211 F.R.D. 615, 620 (N.D. Cal.

14   2002) (citations omitted); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party

15   must state with particularity the circumstances constituting fraud or mistake. Malice, intent,

16   knowledge, and other conditions of a person's mind may be alleged generally."). "[A] plaintiff

17   must point to *facts* which show that defendant harbored an intention not to be bound by terms of

18   the contract at formation." *Hsu*, 211 F.R.D. at 620. A plaintiff has "failed to plead fraud with

19   specificity as required by Rule 9(b)" by merely alleging that "[defendant] had no intention to be

20   bound by the terms as agreed." *Id.*

21       Nikoonahad does not allege promissory fraud with adequate particularity. Nikoonahad

22   asserts that Rudolph never intended to perform its obligations under the Agreement; however, as

23   articulated above, it is not at all clear that the Agreement obligated Rudolph to develop royalty

24   bearing products. Moreover, Nikoonahad fails to allege facts demonstrating that Rudolph did not

25   intend to perform its obligations when the parties entered into the Agreement. Accordingly, the

26   Court will dismiss the claim for promissory fraud with leave to amend.

27

28

Case No. C 08-2290 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)

1

**IV.  ORDER**

2    The motion to dismiss is GRANTED WITH LEAVE TO AMEND.

3    Any amended complaint shall be filed within thirty (30) days of the date of this order.

4

5 DATED:  August 27, 2008

6

7    _____

8    JEREMY FOGEL
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1  This Order has been served upon the following persons:

2  John W. Clark     john@johnclarklaw.com

3  Keith E. Eggleton     keggleton@wsgr.com

4  Ardell Johnson     arjoh@pacbell.net

5  Rodney Grant Strickland , Jr     rstrickland@wsgr.com

6  Anthony J Weibell     aweibell@wsgr.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-2290 JF (PVT)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX2)