1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   MEHRDAD NIKOONAHAD,              )        Case No.: C 08-2290 JF (PVT)
                                      )
13              Plaintiff,            )        **INTERIM ORDER Re Plaintiff's**
                                      )        **Motion to Compel**
14        v.                          )
                                      )
15   RUDOLPH TECHNOLOGIES, INC.,      )
                                      )
16              Defendants.           )
     _____ )
17

18        On June 2, 2009, Plaintiff filed a Motion to Compel Production of Documents and

19   Electronically Stored Information.[1]  Having reviewed the papers submitted by the parties, the court

20   finds it appropriate to issue this interim order.  Based on the papers submitted,

21        IT IS HEREBY ORDERED that, no later than July 17, 2009, the parties shall meet and

22   confer regarding 20 of document requests in dispute.  Plaintiff shall select the 20 document requests

23   and shall notify Defendant of his selection no later than July 7, 2009.  For each such document

24   request, the parties shall discuss, among other things, whether the documents sought are relevant to

25   any claim or defense that remains at issue in this action, including but not limited to any of the

26   allegations in Paragraphs 53 through 55 of Plaintiff's Second Amended Complaint that:

27

28        [1]      The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                    ORDER, *page 1*

- Rudolph breached the implied covenant of good faith and fair dealing by exercising its control over Nikoonahad's technology pursuant to the exclusive license it held under the Agreement to deprive Nikoonahad of the ability to license, sell, or otherwise commercialize his technology to others in the industry.

- Rudolph breached the implied covenant of good faith and fair dealing by exercising its control over the development of products in such a way as to ensure no products requiring payment of royalties were developed before the expiration of the Agreement.

- Rudolph breached the implied covenant of good faith and fair dealing by retaining the subject intellectual property for its own benefit after terminating the contract.

Plaintiff moved to compel with regard to 60 document requests without first adequately meeting and conferring with opposing counsel.[2] The meet and confer efforts that occurred before Judge Fogel ruled on the motion to dismiss the Second Amended Complaint are not sufficient for the present motion because they took place before this case was limited to just one out of the four causes of action. While the court agrees with Plaintiff that the scope of discovery for the remaining cause of action is broader than the scope proposed by Defendant,[3] a cursory review of the document requests reveals that many are overly broad as written. Further, in light of the parties' and the court's desire to streamline discovery prior to mediation,[4] limiting this motion to 20 of the document requests for now is warranted. The parties' meet and confer shall include discussion of what responsive electronically stored information, if any, is available only from backup tapes, and what burden is entailed in producing such information from the backup tapes. This order is without prejudice to Plaintiff moving to compel as to the remaining 40 document requests after the mediation.

---

[2] Plaintiff also filed a 78 page memorandum in violation of this court's Civil Local Rule 7-2(b). Although the document is styled as a "Separate Statement," there is no authority for such a separate statement, and Plaintiff filed no other document as the memorandum that is required by Local Rule 7-2(a). Local Rule 37-2 anticipates that the statement of discovery requests and objections thereto be included in the memorandum required by Local Rule 7-2(b).

[3] Contrary to Defendant's argument, Plaintiff's remaining cause of action does not turn solely on "whether Rudolph exercised its discretion to not use the licensed technology because of a bad faith intent and/or out of an ill will toward Plaintiff." *See* Opposition Brief, 13:1-4. Judge Fogel order on Defendant's motion to dismiss expressly acknowledges that the cause of action includes an allegation that Defendant breached the implied covenant of good faith and fair dealing by "retaining the subject intellectual property for its own benefit after terminating the contract." That allegation was neither dismissed nor stricken from the complaint. Thus, information regarding any use of Plaintiff's technology by Defendant after the contract was terminated is within the scope of discovery.

[4] *See* Transcript of Proceedings Before the Honorable Jeremy Fogel on file herein at Docket Number 71.

1    IT IS FURTHER ORDERED that after completing the further meet and confer ordered

2  herein, Plaintiff may bring a renewed motion on 21 days notice for any of the 20 document requests

3  that remain in dispute.  Plaintiff need not set forth each request and response, because they are

4  already included in the separate statement he originally filed for this motion.  Instead, for each such

5  request, Plaintiff shall set forth his position regarding: 1) the relevance of the information sought;

6  and 2) whether the burden and expense of producing the discovery is warranted by its likely benefit.

7  *See* CIVIL L.R. 37-2 and FED.R.CIV.PRO. 26(b)(2)(C)(iii).  Defendant may file its opposition no later

8  than one week before the noticed hearing date.  No reply shall be filed absent further order of the

9  court.

10    IT IS FURTHER ORDERED that all electronically stored information produced by

11  Defendant in response to Plaintiff's document requests shall be produced in its native format absent

12  agreement of the parties otherwise or further order of this court.  Defendant did not respond to

13  Plaintiff's argument that producing .pdf copies is insufficient.  Moreover, Rule 34(b)(2)(E)(ii)

14  provides that:  "If a request does not specify a form for producing electronically stored information, a

15  party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably

16  usable form or forms."  Defendant has not proposed any "reasonably usable form" other than the

17  native format in which it ordinarily maintains its electronically stored information.

18  Dated: *July 2, 2009*

19  
PATRICIA V. TRUMBULL
20  United States Magistrate Judge

21

22

23

24

25

26

27

28