# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MEHRDAD NIKOONAHAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUDOLPH TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case Number C 08-2290 JF (PVT)<br><br>ORDER[1] GRANTING MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND<br><br>[Re: docket no. 65] |

Plaintiff Mehrdad Nikoonahad ("Nikoonahad") moves for dismissal of the counterclaims filed by Defendant Rudolph Technologies, Inc. ("Rudolph"). The Court has considered the moving and responding papers as well as the oral argument presented at the hearing on August 28, 2009. For the reasons discussed below, the motion will be granted, with leave to amend.

## I. BACKGROUND

Nikoonahad is an electronic engineer who holds several patents relating to semiconductor measurement and wafer inspection. Rudolph designs and produces equipment utilized by semiconductor device manufacturers. Rudolph is incorporated under the laws of Delaware and is

---

[1] This disposition is not designated for publication in the official reports.

headquartered in New Jersey.

On September 12, 2006, Nikoonahad and Rudolph entered into an exclusive patent licensing and assignment agreement ("the Agreement") under which Rudolph paid Nikoonahad $100,000 to obtain the exclusive rights to the licensed technology for eighteen months. During the eighteen-month period, Rudolph had the option to acquire the licensed technology for a fee of $600,000. The parties agreed that if a dispute relating to the contract arose that could not be settled through negotiation, they would attempt to settle the dispute through mediation before resorting to arbitration or litigation. The Agreement was to be construed according to the laws of New Jersey.

On March 12, 2008, the eighteen-month term of the Agreement expired. At that time, Rudolph had not exercised its option to purchase the licensed technology or produced any royalty-bearing products. On March 21, 2008, Nikoonahad filed suit against Rudolph in the Santa Clara Superior Court, alleging claims for breach of written contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and promissory fraud. Following removal to this Court and several rounds of motion practice, this Court dismissed all of Nikoonahad's claims with the exception of a claim for breach of the implied covenant of good faith and fair dealing. On June 1, 2009, Rudolph filed an answer to that claim as well as counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. Rudolph alleges that Nikoonahad breached the Agreement and the implied covenant by failing to negotiate and mediate before filing the instant lawsuit.

## I. LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

2
Case No. C 08-2290 JF (PVT)
ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND
(JFLC1)

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

Under New Jersey law, "to establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract, and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super Ct. App. Div. 2007). There is no dispute that the Agreement is a valid contract. Rudolph alleges that Nikoonahad failed to perform his obligations under the Agreement by (a) demanding mediation of the parties' dispute without first attempting to negotiate; (b) failing to give Rudolph a ninety-day notice and opportunity to cure any breach of the Agreement; and (c) filing the instant litigation without satisfying the conditions precedent imposed by the dispute resolution provision of the Agreement. Allegations (a) and (c) are essentially identical; the "conditions precedent" imposed by the dispute resolution provision are the requirements of negotiation and mediation that Nikoonahad skipped over before filing suit.

The dispute resolution provision, found at paragraph 20 of the Agreement, reads as follows:

3

> If a dispute arises out of or relates to this contract, or the breach thereof, and if the dispute cannot be settled by negotiation, the parties agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association under its Commercial Mediation Rules before resorting to arbitration, litigation, or some other dispute resolution procedure.

Agmt. ¶ 20.1. The Court previously has held that this provision imposed an obligation upon Nikoonahad to negotiate before demanding mediation, and to mediate before filing suit. *See* Order Granting In Part And Denying In Part Motion To Dismiss filed May 13, 2009 ("May 13 Order") at pp. 7-8. Accordingly, Rudolph's allegations that Nikoonahad failed to negotiate or mediate before filing suit are sufficient to allege a breach of the Agreement.[2]

With respect to Nikoonahad's alleged failure to give Rudolph a ninety-day notice to cure, the ninety-day notice provision requires that a party contemplating *termination* give the other ninety days to cure any material breach of the Agreement. Agmt. ¶ 7.4. There is no allegation that Nikoonahad terminated the Agreement. In fact, Nikoonahad claims that *Rudolph* terminated the Agreement. Accordingly, the ninety-day cure provision is not relevant here.

Rudolph's breach of contract claim thus boils down to the single allegation that Nikoonahad failed to fulfil his contractual obligations to negotiate and mediate prior to filing suit. Rudolph claims that it "has been injured and has suffered damages as a result of Nikoonahad's breach of the Agreement, including but not limited to damages relating to Rudolph's costs and attorneys' fees in defending itself in this litigation." Ans. and Counterclaim ¶ 89.

Nikoonahad argues that under the "American Rule" Rudolph cannot recover attorneys' fees absent statutory authority or contractual agreement. Nikoonahad correctly points out that Rudolph has not identified any fee-shifting statute or language in the Agreement that would authorize an award of attorneys' fees. However, Rudolph does not seek to recover attorneys' fees as such, but rather seeks to recover as general contract damages the attorneys' fees and other

---

[2] The Court also held that Nikoonahad was obligated to negotiate with Rudolph's General Counsel, Robert Koch ("Koch"). *See* May 13 Order at p. 7. Nikoonahad disputes that the Agreement obligated him to negotiate with Koch in particular. This dispute is not relevant to resolution of the motion, because it is apparent from the pleadings that Nikoonahad failed to negotiate with any representative of Rudolph prior to demanding mediation and then filing suit.

4

costs flowing directly from Nikoonahad's alleged breach of the Agreement. The question then, is whether litigation costs and attorneys' fees may be recovered as general contract damages under New Jersey law.[3]

When one party's breach of a contract causes the other party to incur costs and fees in litigating against a *third* party, the answer clearly is yes. *See Gerhardt v. Continental Ins. Companies*, 225 A.2d 328, 334 (N.J. 1966) (holding that when insurer failed to fulfill its contractual obligation to defend the insured in a workman's compensation action, the insured could recover its defense costs as a traditional element of contract damages); *Verhagen v. Platt*, 61 A.2d 892, 895 (N.J. 1948) (holding that when the defendants' breach of contract caused the plaintiff to incur expenses in litigating against the federal government, those expenses – including attorneys' fees – were recoverable as general contract damages). The answer is less clear, however, when the attorneys' fees sought to be recovered are not incurred in litigating against a third party, but rather in litigating against the other contracting party. The parties have not cited, and the Court has not discovered, a New Jersey case permitting recovery under such circumstances. In fact, one New Jersey decision holds that "that the test of recoverability of counsel fees is not whether they were generated 'in the same case' but rather whether they were incurred in 'bringing or defending an action against a third person.'" *See Dorofee v. Planning Bd. of Pennsauken Tp.*, 453 A.2d 1341, 1344 (N.J. Super. 1982) (internal citation omitted). Accordingly, the Court concludes that Rudolph cannot recover as contract damages the attorneys' fees and costs incurred in this action as a result of Nikoonahad's alleged breach of the dispute resolution provision of the Agreement. As those are the only damages alleged, Rudolph's claim for breach of contract is subject to dismissal. The Court will grant leave to amend to give Rudolph an opportunity to allege any other type of damage it may have suffered as a result of Nikoonahad's alleged breach of the dispute resolution provision.

Rudolph also alleges that Nikoonahad breached the implied covenant of good faith and fair dealing by failing to negotiate and/or mediate the parties' dispute prior to filing suit. This

---

[3] As noted above, the Agreement provides that New Jersey law applies. Agmt. ¶ 19.1.

claim is subject to dismissal as duplicative of the contract claim, as it is based upon precisely the same conduct as is the claim for breach of contract. Rudolph argues that the implied covenant claim can stand independently, citing *Seidenberg v. Summit Bank*, 791 A.2d 1068, 1078 (N.J. Super. Ct. App. Div. 2002). In *Seidenberg*, the court held that a claim for breach of the implied covenant is cognizable under New Jersey law in "three distinct type of situations: (1) when the contract does not provide a term necessary to fulfill the parties' expectations; (2) when bad faith served as a pretext for the exercise of a contractual right to terminate; and (3) when the contract expressly provides a party with discretion regarding its performance." *Id*. (internal citations omitted). The second and third categories clearly do not apply; Rudolph argues that this case falls within the first category because obligations must be implied into the Agreement to give rise to the claim for breach of the implied covenant. However, Rudolph alleges that Nikoonahad breached *express* obligations to negotiate and mediate the parties' dispute. It is this allegation that forms the basis for both the contract and implied covenant claim. Accordingly, the Court concludes that the claim for breach of the implied covenant does not fall within any of the categories set forth in *Seidenberg* and is subject to dismissal.

### III. ORDER

The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended counterclaims shall be filed and served on or before October 5, 2009.

DATED: September 4, 2009

                                                       JEREMY FOGEL
                                                     United States District Judge

1  This Order has been served upon the following persons:

3  Anthony J Weibell     aweibell@wsgr.com, vshreve@wsgr.com

4  Ardell Johnson     arjoh@pacbell.net

5  John W. Clark     john@johnclarklaw.com

6  Keith E. Eggleton     keggleton@wsgr.com

7  Rodney Grant Strickland , Jr     rstrickland@wsgr.com